UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA BELYEW,

    Plaintiff,

v.

L. JACKSON,

    Defendant.

No. 2:17-cv-1165-EFB P

<u>ORDER GRANTING IFP AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A</u>

Plaintiff is a pretrial detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] She seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed without leave to amend. Plaintiff claims that the state judge presiding over her criminal proceedings in state court deprived her of her right to trial by ordering a hearing to determine if she is competent. Plaintiff was apparently found to be incompetent, as the judge

2

allegedly ordered that she be forcibly medicated. According to the complaint, defendant Dr. Jackson "is going to be the one who makes the necessary commitment order . . . ." ECF No. 1 at 5. Plaintiff claims she is "totally competent" and requests an order for "an IMMEDIATE STAY preventing this illegal farce to continue!" *Id.* She also seeks damages for "emotional stress/trauma." *Id.* This court, however, may not interfere with plaintiff's state court criminal proceedings if she has an adequate opportunity to raise her constitutional concerns in those proceedings, unless she makes a showing of extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 49, 53 (1971). In addition, plaintiff may not maintain a suit for damages in this court if it "would have a substantially disruptive effect upon ongoing state criminal proceedings." *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Although plaintiff alleges that she is not "being produced for court," she has not alleged extraordinary circumstances or shown that she is unable to raise her constitutional claims in her ongoing state court proceedings. ECF No. 1 at 5. Moreover, any finding in plaintiff's favor as it pertains to her competency and/or right to a fair trial would necessarily cause a substantial disruption in her ongoing state criminal proceedings. Thus, plaintiff's action is barred under *Younger* and plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7, 9) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Butte County Sheriff filed concurrently herewith.

/////

3. This action is dismissed pursuant to 28 U.S.C. § 1915A.

DATED: September 7, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE